JOHN WINSLOW & others *vs.* FRANKLIN KING.

In a deed of a parcel of land one hundred and fifteen feet wide, the grantors "reserved to
themselves a common right in a passage way fifteen feet, running east and west through
the centre of said parcel, and dividing said parcel into two lots of fifty feet each." The
grantee conveyed to A. the northern lot, "bounded southerly by a passage way fifteen feet
wide;" and afterwards conveyed to B. the southern lot, "bounded northerly on a pas-
sage way fifteen feet wide, together with my right in common in said passage way of
fifteen feet;" and B., under an order of court to convey all his estate in the premises,
conveyed the southerly lot, bounded "northerly by" said "passage way." *Held*, that B.
retained no right in the soil of the passage way.

WRIT OF ENTRY to recover a strip of land on Purchase Street
in Boston, fifteen feet wide by one hundred feet deep. The
parties submitted the case to the decision of the court upon the
following facts:

On the 14th of June 1794, Daniel Sears and George Gosley
conveyed to John Murray a parcel of land owned in fee by
them, one hundred and fifteen feet wide and one hundred feet
deep, bounded on the west by Purchase Street, and on the east
by other land of the grantors; "the said Sears and Gosley re-
serving to themselves however a common right in a passage
way fifteen feet wide, running east and west through the centre
of said before described lot, and dividing said lot into two lots
of fifty feet each."

On the 17th of September 1794, Murray conveyed to Levi
Lane the northern part of this parcel, bounded "westerly on
Purchase Street, there measuring fifty feet; southerly on a pas-
sage way fifteen feet wide, there measuring one hundred feet;
easterly on land belonging to Sears and Gosley there measuring
fifty feet."

On the 18th of September 1794, Murray conveyed to John
Winslow, whose sole heirs the demandants were, the souther
part of the same parcel, bounded "westerly on Purchase Street
there measuring fifty feet;" "easterly on land belonging to
Sears and Gosley, there measuring fifty feet; northerly on a
passage way fifteen feet wide, there measuring one hundred
feet; together with my right in common in said passage way
of fifteen feet."

On the 12th of November 1819, said John Winslow, who in fact took this lot as trustee, and had since become insolvent, did, pursuant to an order of court directing him to convey all his title in said parcel, convey to William P. Green, trustee, a parcel of land, bounded westerly on Purchase Street, and " northerly by a passage way," which included the passage way described in the previous deeds.

This passage has always remained open and unincumbered and used as a passage way from the time of the conveyance of Murray to Winslow until some time in 1857, when the tenant took possession of the land and covered it with a building.

*S. E. Sewall,* for the demandants. The deed of Sears and Gosley conveyed the soil of the passage way to Murray, reserving to themselves only a right of way over the passage. Murray's deed to Winslow of a lot bounded on the passage way " together with my right in common in said passage way of fifteen feet," conveyed the soil of the passage way, subject to the right of others to use it. Though the words " in common " do not accurately describe the right conveyed, they may have been naturally used by the grantor, because the right of others to use the passage way was just as extensive as his own ; and may be rejected as *falsa demonstratio.* 4 Cruise Dig. (Greenl. ed.) tit. 32, *c.* 20, §§ 2, 25–27, & notes. *Cutler* v. *Tufts,* 3 Pick. 272. *Sprague* v. *Snow,* 4 Pick. 54. *Swyft* v. *Eyres,* Cro. Car. 546. *Day* v. *Trig,* 1 P. W. 286. *Parks* v. *Loomis,* 6 Gray, 467.

Murray had previously conveyed the northern end of the lot to Lane, and in afterwards parting with the southerly end he could have no reason for reserving the soil of the passage way The descriptions in all the deeds, except that to Winslow, are by metes and bounds which distinctly exclude the passage way, especially as it is a private way. *Alden* v. *Murdock,* 13 Mass. 256. *Sibley* v. *Holden,* 10 Pick. 249. *Tyler* v. *Hammond,* 11 Pick. 193. , *O'Linda* v. *Lothrop,* 21 Pick. 292. *Parker* v. *Framingham,* 8 Met. 260. *Harris* v. *Elliott,* 10 Pet. 25. *In re Seventeenth Street,* 1 Wend. 262. *In re Lewis Street,* 2 Wend. 472. *Livingston* v. *Mayor &c. of New York,* 8 Wend. 99. *Wyman* v

*Mayor &c. of New York*, 11 Wend. 486.    *Clements* v. *West Troy*, 16 Barb. 251.    *State* v. *Clements*, 32 Maine. 279.

*P. W. Chandler & G. O. Shattuck*, for the tenant.  In the deeds from Murray to Lane, Murray to Winslow and Winslow to Green, the boundary " on " or " by " the passage way passes the land to the middle of the way, with a right of way in the whole passage.    *Newhall* v. *Ireson*, 8 Cush. 595.    *Phillips* v *Bowers*, 7 Gray, 26.    *Fisher* v. *Smith*, 10 Gray,     .    *Holmes* v. *Bellingham*, 7 C. B. (N. S.) 329.    *Thomas* v. *Poole*, 7 Gray 83.    *Rodgers* v. *Parker*, 10 Gray,

Besides; in the deed from Murray to Winslow, the words " my right in common to said passage way of fifteen feet " refer only to the easement.  The fee, whether of the whole or half of the passage way, was owned by Murray in severalty.  Therefore, whether the words " bounded on the passage way," convey the soil to the middle of the passage way or not, the demandants have no title.

This case were decided in June 1860.

BY THE COURT.  By the deed of Sears and Gosley to Murray, a passage way fifteen feet wide was laid out in the middle of a lot of one hundred and fifteen feet, over which the grantors reserved a right of way ; and this actually existed as a passage way when Murray made his first conveyance, and was described therein as fifteen feet wide.  It was an open established way, to be used in common by the owners of the two lots of fifty feet wide, and by Sears and Gosley as owners of the premises in the rear.  The fee of the soil under the way was granted to Murray ; and when Murray sold one of the two lots bounded on the pas sage way, and retained the other, it was manifestly his intent that the way should be common to both, and his deed to Lane was a grant of the soil to the middle of the way, with a right of way in the southern half of the passage, and reserving to the lot which he retained a right of way in the northern half. This construction puts Murray upon terms of equality with Lane as to both the soil and the way.  The title and interest then retained by Murray passed by his subsequent deed to Winslow and from Winslow to Greene.  The demandants therefore have no title upon which they can maintain this action.                                        *Judgment for the tenant.*